IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:06CR127 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Judge Peter C. Economus |
| | ) | |
| EDDIE JAMES DAVIS, | ) | |
| | ) | ORDER |
| Defendant. | ) | [Re. Docket Nos. 34 and 35] |

On March 15, 2006, Eddie James Davis, defendant, was indicted on one count of possession with the intent to distribute fifty (50) grams or more of a mixture or substance containing a detectable amount of cocaine base (crack cocaine) in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).  The government also seeks forfeiture of $13,090.00 in cash pursuant to 21 U.S.C. § 853.  On September 14, 2006, after numerous continuances for various reasons, the Court scheduled trial for October 31, 2006.

On October 25, 2006, the Defendant filed a Motion To Continue the trial date (Docket No. 34), and a Motion To Suppress Evidence (Docket No. 35).  For the following reasons, the motions are DENIED.

I.  Motion To Suppress

On October 25, 2006, the Defendant filed a Motion To Suppress Evidence. On March 20, 2006, however, the Court set a cutoff date of May 2, 2006 for filing pretrial motions.  Although the trial date has been continued numerous times, no request for extension of the motion cutoff has ever been requested, and none has ever been granted.[1]

A motion to suppress must be made before trial.  Fed. R. Crim. P. 12(b)(3).  The Court may set a deadline for the filing of pretrial motions, and a defendant waives any defense assertable under Rule 12(b)(3) if the motion is not made by the deadline or any applicable extension.  Relief from the waiver may be granted for good cause shown.  Fed. R. Crim. P. 12(c) and (e).  Absent good cause, courts strictly enforce this waiver to the extent that it is not even reviewable on appeal.  See United States v. Kincade, 145 F.3d 771, 778 (6th Cir. 1998), cert. denied, 525 U.S. 1166 (1999); United States v. Obiukwu, 17 F.3d 816, 820 (6th Cir. 1994); United States v. Sachs, 801 F.2d 839, 847 (6th Cir. 1986); United States v. Kinnard, 884 F.2d 581, 1989 WL 100345 at *2 (6th Cir. 1989) (table).

The Defendant's motion to suppress in untimely and thus any argument for suppression is waived.  He also has not shown good cause for relief from the waiver.  Accordingly, the Motion To Suppress is denied.

II.  Motion For Continuance

On October 25, 2006, the Defendant filed a Motion To Continue the trial date, currently set for October 31, 2006.  The only reason given is that the parties were working on a plea

---

[1] Although the motion was docketed as an "amended" motion to suppress, the motion clearly is new and not simply an amendment to any previous pleading.

agreement.

On October 30, 2006, the Court held a hearing regarding an offer of a plea agreement. The parties, however, did not agree to terms, and the Defendant decided not to withdraw his previous plea of not guilty. Accordingly, the only basis he asserts for continuance is now moot.

This trial date already has been continued numerous times. In addition, the Defendant presents no valid basis for yet another continuance. Accordingly, the motion is denied.

III. Conclusion

For the foregoing reasons, the Defendant's Motion To Continue the trial date (Docket No. 34) and Motion To Suppress Evidence (Docket No. 35) are DENIED.

IT IS SO ORDERED.


Issued: October 30, 2006          s/ Peter C. Economus
                                  UNITED STATES DISTRICT JUDGE