**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **EDDIE JAMES DAVIS,** | ) | **CASE NO.  1:06CR127** |
| | ) | |
| **Petitioner,** | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| **Respondent.** | ) | |
| | ) | |

This matter is before the Court upon Petitioner Eddie James Davis' ("Petitioner")
Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody,
pursuant to 28 U.S.C. § 2255.  (Dkt. # 70).

## I. FACTUAL BACKGROUND

Petitioner surrendered to federal authorities on February 15, 2006, pursuant to a
federal criminal Complaint filed on December 15, 2005, which charged him with
possession with intent to distribute more than fifty grams of cocaine base, in violation of
21 U.S.C. §§ 841(a)(1) and (b)(1)(A).  (Dkt. # 1).  On March 15, 2006, a federal grand
jury returned a single-count Indictment against Petitioner for the same offense.  (Dkt. #
7).

Prior to trial, Petitioner, through counsel, filed a Motion to Dismiss the Indictment
for Lack of Jurisdiction.  (Dkt. # 15).  In said motion, Petitioner asserted that he was
arrested by state authorities, who sought his cooperation in their investigations and
advised him that the case would be transferred to federal authorities if he failed to

1

cooperate.  (Dkt. # 15 at 1).  Petitioner thus argued that the Indictment should be dismissed because "[t]he authorities merely manufactured or fabricated Federal jurisdiction in an attempt to coerce cooperation."  (Dkt. # 15 at 2).  This Court construed the Motion as seeking dismissal of the Indictment based upon vindictive prosecution. (Dkt. # 18 at 6).  Finding no basis for dismissal on such grounds, the Court denied the Motion to Dismiss the Indictment.  (Dkt. # 18).

After a three-day trial beginning on October 31, 2006, the jury returned a verdict of guilty against Petitioner as to the sole count of the Indictment.  (Dkt. # 46).  Petitioner was subsequently sentenced to 240 months imprisonment, followed by ten years supervised release, pursuant to the statutory enhancement for offenders who have a prior felony drug conviction and whose offense involves at least fifty grams of cocaine base. (Dkt. # 51); see 21 U.S.C. § 841(b)(1)(A).  Petitioner appealed his sentence, alleging error in this Court's application of the statutory enhancement.  (Dkt. # 52, 64).  The United States Court of Appeals for the Sixth Circuit affirmed, finding that Petitioner had failed to show plain error in this Court's determination that the substance Petitioner possessed was crack cocaine for purposes of the sentencing enhancement.  (Dkt. # 64, 65).

Petitioner, through counsel, filed the instant Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255, on October 19, 2009.  (Dkt. # 70).

## II. STANDARD OF REVIEW

"To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." Gall v. United States, 21 F.3d 107, 109 (6th Cir. 1994).  Furthermore, 28 U.S.C. § 2255 requires a district court to "grant a prompt hearing" when such a motion is filed, and to "determine the issues and make findings of fact and conclusions of law with respect thereto" unless "the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief."  Green v. United States, 445 F.2d 847, 848 (6th Cir. 1971); Bryan v. United States, 721 F.2d 572, 577 (6th Cir. 1983).

The Court finds that no hearing is necessary in the instant matter, as the record conclusively shows that Petitioner is entitled to no relief.

## III. LAW AND ARGUMENT

### A. Ground One: Ineffective Assistance of Appellate Counsel

In Ground One of the instant petition, Petitioner asserts three grounds upon which he claims his appellate counsel was ineffective.

The Supreme Court, in Strickland v. Washington, 466 U.S. 668 (1984), devised a two-part inquiry for claims of ineffective assistance of counsel.  Under the Strickland test, Petitioner must show (1) that counsel's representation fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 688-94.  Thus, Petitioner must demonstrate both deficient performance and

3

prejudice in order to succeed on his claim.  Id. at 686.  Claims of ineffective assistance of appellate counsel are governed by the Strickland analysis.  Haliym v. Mitchell, 492 F.3d 680, 694 (6th Cir. 2007).

### 1. Preparation of the Appellate Brief by Counsel

Petitioner first argues that appellate counsel was ineffective in failing to properly communicate with Petitioner during the appeal process and that, as a result, some of the arguments advanced by counsel were not correct and did not include all of the issues Petitioner wished to present.  (Dkt. # 70 at 6).  He further asserts that counsel failed to properly research issues for appeal, which resulted in certain arguments being omitted from the appellate brief filed on his behalf.  (Dkt. # 70 at 7).

The only mistake in the appellate brief to which Petitioner specifically refers is located at page 5 of the brief, which Petitioner has included as Exhibit G to the instant Motion.  (Dkt. # 73, Ex. G).  It states, in pertinent part:

> On November 2, 2006, the jury returned a verdict of guilty.  On November 14, 2001, the district court judge sentenced the appellant to the mandatory term of incarceration of sixty months on each count, to run concurrently.  The term of incarceration is to be followed by three years of supervised release.  The appellant has been ordered to pay restitution in the amount of $488,887.  (R. 50, Judgment and Commitment, Apx. pg. 13)
> On November 21, 2001, the appellant filed a timely Notice of Appeal.  (R. 52, Notice of Appeal, Apx. pg. 19)  This proof brief follows.

(Dkt. # 73, Ex. G).  Based upon the record in the instant matter, it is clear that counsel offered the wrong dates for Petitioner's sentencing and filing of the notice of appeal, and that the details of Petitioner's sentence are plainly incorrect.  See (Dkt. # 50, 51, 52).

"In any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." Strickland, 466 U.S. at 688.  The Court recognizes that a defendant should be able to expect that, in drafting an appellate brief on his behalf, counsel will avoid such blatant and obvious mistakes as to important dates and details as those noted above.  That is not to say, however, that appellate counsel's representation fell below an objective standard of reasonableness.  "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland, 466 U.S. at 691.  The mistakes Petitioner cites were confined to a single paragraph in the "Statement of the Case" section of the 20-page appellate brief.  (Dkt. # 73, Ex. G); Final Brief of the Appellant at 5, United States v. Davis, 2006 WL 5668748 (6th Cir. 2006) (No. 06-4625).  Moreover, it is clear from the decision of the Sixth Circuit affirming Petitioner's conviction and sentence that the errors cited by Petitioner had no effect on the outcome of his appeal.  (Dkt. # 64).  Therefore, Petitioner has failed to demonstrate that the errors committed by counsel constituted ineffective assistance under Strickland.

Petitioner also argues that "appellate counsel failed to argue issues that were requested by Davis such as lack of jurisdiction, violation of speedy trial rights, lack of venue."  (Dkt. # 70 at 7).  It is well-settled that a criminal defendant has no constitutional right to have appellate counsel raise every non-frivolous issue that the defendant requests. Jones v. Barnes, 463 U.S. 745, 750-54 (1983).  Tactical decisions as to which issues should be addressed on appeal are properly left to the sound professional judgment of

5

counsel.  United States v. Perry, 908 F.2d 56, 59 (6th Cir. 1990).  Petitioner has failed to demonstrate that counsel's decision not to include certain arguments was an unreasonable exercise of his professional judgment.

Even assuming *arguendo*, however, that counsel's performance was objectively unreasonable in omitting the requested arguments, Petitioner has failed to satisfy the prejudice prong of Strickland.  Petitioner has raised each of the allegedly omitted arguments as part of the instant petition, and, for the reasons discussed below, the Court finds that they are without merit.  Therefore, Petitioner was not prejudiced by counsel's failure to raise the issues on appeal.

### 2. Waiver of Oral Argument by Counsel

Petitioner next argues that appellate counsel was ineffective in waiving oral argument on appeal.  Though he asserts that this "is a direct form of ineffective assistance of counsel and thereby calling for this Court to grant relief to Davis," (Dkt. # 70 at 8), Petitioner has failed to satisfy either of the Strickland requirements with respect to this claim.

First, he has not demonstrated that counsel's performance fell below an objective standard of reasonableness in waiving oral argument.  It is counsel's responsibility to use his professional expertise in making tactical decisions aimed at accomplishing his client's objectives.  Jones, 463 U.S. at 753 n. 6.  Only in limited circumstances, such as "the plea to be entered, whether to waive jury trial[,]…whether the client will testify," and whether to file a notice of appeal, does counsel necessarily render ineffective assistance by acting contrary to his client's wishes.    Id. (quoting the ABA Model Rules of Professional

6

Conduct Proposed Rule 1.2(a) (Final Draft 1982)); Roe v. Flores-Ortega, 528 U.S. 470 (2000) (failure to file a requested notice of appeal is *per se* ineffective assistance of counsel). Waiver of oral argument on appeal is not akin to any of these. Rather, it is a strategic decision regarding the conduct of the appeal, which is entrusted to the professional judgment of counsel. Thus, it cannot be said that counsel's waiver of argument, even if against Petitioner's wishes, constituted deficient performance.

Likewise, Petitioner has not shown that he was prejudiced by counsel's waiver of oral argument. The single issue presented in the appeal, whether the evidence showed that the substance Petitioner possessed was crack cocaine, was fully laid out in the brief filed on behalf of Petitioner and in the trial court record. Petitioner does not assert that the outcome of his appeal would have been different had counsel not waived oral argument. Accordingly, Petitioner has failed to satisfy the prejudice requirement of Strickland.

Therefore, Petitioner's claim of ineffective assistance of counsel based upon counsel's waiver of oral argument is without merit.

**B. Ground Two: Prosecutorial Vindictiveness**

In his second ground for habeas relief, Petitioner argues that the government acted vindictively in prosecuting him under federal law after he was arrested and charged by state authorities. (Dkt. # 70 at 8). The crux of Petitioner's claim is an assertion that he was prosecuted federally, and thus subject to greater penalties, as punishment for his refusal to cooperate with state authorities, which he alleges is a violation of his right to due process. The government argues that Petitioner's assertion of a retaliatory motive for

the federal prosecution is purely speculative, and that the claim is without merit because referral of state charges to federal prosecutors is not a basis for a claim of vindictive prosecution.  (Dkt. # 75 at 9).

Petitioner's claim is clearly without merit.  The Sixth Circuit has repeatedly held that no due process violation occurs in the referral of charges by state authorities to federal authorities, so long as the federal prosecutor is exercising his own discretion as to whether to prosecute the defendant.  United States v. Allen, 954 F.2d 1160, 1165 (6th Cir. 1992); United States v. Smith, 966 F.2d 1045, 1049 (6th Cir. 1992).  Moreover, "[t]he prosecutor may properly base his decision on the penalties available upon conviction when determining what offense will be charged against a defendant."  Allen, 954 F.2d at 1166.  Petitioner has not alleged that federal authorities in the instant matter failed to exercise their own discretion or otherwise acted as a "rubber stamp" for the decision by state authorities to refer the case to federal prosecutors.

Petitioner's assertion that federal prosecution was pursued as retaliation for "his interest in exercising his constitutionally protected right not to cooperate with [state] authorities," is similarly unavailing.  (Dkt. # 70 at 9).  "[A] federal indictment obtained against one who has been threatened with federal prosecution for refusing to plead guilty to state charges is not subject to dismissal on grounds of 'vindictive prosecution.'" United States v. Forrest, 402 F.3d 678, 691 (6th Cir. 2005) (citing United States v. Williams, 47 F.3d 658, 659 (4th Cir. 1995)).

Accordingly, Petitioner's claim of prosecutorial vindictiveness is without merit.

8

### C. Ground Three: Speedy Trial Violation

In Ground Three of the instant petition, Petitioner argues that he is entitled to relief because his federal prosecution did not comply with the requirements of the Speedy Trial Act, 18 U.S.C. §§ 3161-3174.  (Dkt. # 70 at 10).   Petitioner contends that because he was arrested by state authorities on state charges on October 26, 2005, and not indicted on federal charges until December 15, 2006, the federal indictment must be dismissed because more than 30 days elapsed between such arrest and indictment. Essentially, Petitioner argues that the speedy trial clock for his federal indictment should be deemed to have started to run at the time of his arrest on state charges.  Petitioner is incorrect.

"[O]nly federal arrest, as distinct from state arrest, triggers the protections of the Speedy Trial Act."  United States v. Copley, 774 F.2d 728, 730 (6th Cir. 1985).  An arrest does not occur, for purposes of the Speedy Trial Act, until an individual is "taken into custody after a federal arrest for the purposes of responding to a federal charge."  Id.  In the instant matter, then, the arrest that triggered the Speedy Trial Act occurred on February 15, 2006, when Petitioner surrendered to federal authorities and was taken into federal custody.  Under 18 U.S.C. § 3161(b), the government had 30 days in which to indict him, which set the deadline at March 17, 2006.  See Fed.R.Crim.P. 45(a)(1) (establishing method for computing time).  Petitioner was indicted on March 15, 2006, within the Speedy Trial Act deadline.  Thus, no speedy trial violation occurred.

9

Petitioner also contends that a speedy trial violation occurred in the time that elapsed between arraignment and trial.  (Dkt. # 70 at 11).  Title 18, Section 3161(c)(1) United States Code states, in pertinent part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1).  Time may be excluded from the 70-day period for, *inter alia*,

> [a]ny period of delay resulting from other proceedings concerning the defendant, including but not limited to…delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion.

18 U.S.C. §§ 3161(h)(1) and (h)(1)(D).

Petitioner was arraigned on federal charges on March 29, 2006, putting the start of the 70-day speedy trial clock on the following day, March 30, 2006, pursuant to Rule 45(a)(1).  (Dkt. # 13, 14); United States v. O'Dell, 154 F.3d 358, 362 (6th Cir. 1998) (holding that the plain language of § 3161(c)(1) dictates that the speedy trial clock starts at arraignment).  On April 12, 2006, Petitioner filed a Motion to Dismiss the Indictment for Lack of Jurisdiction.  (Dkt. # 15).  Under § 3161(h)(1)(D), the 23 days between the filing of such motion and the Court's denial of the motion are excluded from the 70-day period.  See (Dkt. # 18).

On May 13, 2006, Petitioner filed a Motion to Continue Trial to allow for the preparation of a pre-plea presentence investigation report, which the Court granted after finding that the ends of justice were served by a continuance.  (Dkt. # 19, 20).  Under §

10

3161(h)(7)(A), such a continuance tolls the speedy trial clock.  18 U.S.C. § 3161(h)(7)(A).  Prior to the new trial date, Petitioner filed a second Motion to Continue Trial, which the Court again granted.  (Dkt. # 21, 24).  Petitioner then filed a Motion to Dismiss the Indictment Due to Violation of Speedy Trial, which the Court denied.  (Dkt. # 22, 31).  While that motion was pending, Petitioner filed a third Motion to Continue Trial, which the Court granted.  (Dkt. # 28, 32).  Petitioner then filed a fourth Motion to Continue and a Motion to Suppress, both of which the Court denied.  (Dkt. # 34, 35, 40).  Petitioner was then tried and convicted.  (Dkt. # 46).

Based upon the foregoing, it is clear that no speedy trial violation occurred with respect to the time between arraignment and trial.  Fourteen days elapsed between arraignment and the filing of Petitioner's first Motion to Dismiss the Indictment.  Another 8 days elapsed between the Court's denial of that motion and the filing of Petitioner's first Motion to Continue Trial.  Because Petitioner filed three successive motions to continue trial which the Court granted, the clock never restarted and no additional speedy trial time expired.  The result is a total of 22 days that expired from the speedy trial clock, well below the 70-day limit.

Therefore, Petitioner's claim for relief based upon a Speedy Trial Act violation is without merit.

### D. Ground Four: Lack of Jurisdiction

Petitioner next argues that his right to due process was violated because federal authorities lacked jurisdiction to prosecute him.  Specifically, Petitioner alleges that "authorities merely manufactured or fabricated Federal jurisdiction in an attempt to

11

coerce cooperation." (Dkt. # 70 at 15). This claim overlaps with Petitioner's Ground Two claim of vindictive prosecution in that it is based upon his assertion that because he was first arrested and charged by state authorities, federal prosecutors had no authority to prosecute him. Like his vindictive prosecution claim, Petitioner's jurisdictional claim is plainly without merit.

As the government points out, the Court previously rejected this argument in its Order denying Petitioner's first Motion to Dismiss the Indictment. (Dkt. # 18). The Court relies on the reasoning contained in that opinion. There, the Court stated:

> [I]t is well-settled that the Comprehensive Drug Abuse Prevention and Control Act, Pub L. No. 91-513 (84 Stat.1236), tit. II, § 101, 1970 U.S.C.C.A.N. 1444, 1444-45 (codified at 21 U.S.C. § 801) – is a valid exercise of the United States Congress's authority under the interstate commerce clause and vests the federal courts with jurisdiction over inter- and intra- state drug crimes. See United States v. Tucker, 90 F.3d 1135, 1139 (6th Cir. 1996).

(Dkt. # 18 at 5). Petitioner has offered no new facts or law that would bring the Court to a different conclusion.[1]

Therefore, Petitioner's claim for relief based upon a lack of federal jurisdiction is without merit.

### E. Ground Five: Sentencing Enhancement Based Upon Prior Convictions

Petitioner next argues that the Court erred in applying the sentencing enhancement for a prior drug conviction, which resulted in a mandatory minimum sentence of 20 years. According to Petitioner, "[t]he mandatory minimum sentence of 20 years should be overturned based upon the fact that Davis has been and continues to attack the prior

---

[1]     In fact, counsel for Petitioner has simply reproduced verbatim the language of the Motion to Dismiss for Lack of Jurisdiction which he filed on Petitioner's behalf prior to trial. See (Dkt. # 15, 70 at 15-19).

convictions as invalid based on Rule 11 violations." (Dkt. # 70 at 19). The government argues that because Petitioner has not succeeded in challenging any of the prior convictions about which he complains, this Court is without authority to reopen his sentence. (Dkt. # 75 at 12).

Where a defendant's federal sentence was enhanced based upon a prior state conviction which he claims was invalid, he may only seek to reopen the federal sentence after he has successfully challenged the state conviction. <u>Custis v. United States</u>, 511 U.S. 485, 497 (1994); <u>Turner v. United States</u>, 183 F.3d 474, 477 (6th Cir. 1999) (requiring federal habeas petitioner to challenge the underlying state convictions first in the state court or in an independent habeas corpus proceeding brought pursuant to 28 U.S.C. § 2254 before seeking to reopen a federal sentence enhanced by such convictions). Petitioner does not claim that he has succeeded in attacking any of his underlying state convictions. To the contrary, he asserts that he "continues to be very active in attacking his prior convictions in the State of Ohio Courts." (Dkt. # 70 at 21). Until he is successful in doing so, he may not seek to reopen his federal sentence on such grounds.

### F. Ground Six: Constitutionality of Sentence[2]

In his Sixth Ground for relief, Petitioner argues that "the imposition of the excessive sentence itself violates the Eighth Amendment as 'grossly disproportionate' to the offense of conviction in light of society's evolving standards of decency." (Dkt. # 70 at 24). Petitioner alleges that the imposition of the mandatory minimum 20 year sentence

---

[2] Petitioner lists this as a second "Ground Four" in his petition. (Dkt. # 70 at 24).

13

is a cruel and unusual punishment.  The government argues that under the "narrow proportionality principle" and consistent with precedent in this Circuit, Petitioner's sentence does not run afoul of the Eighth Amendment.  (Dkt. # 75 at 13-15).

A plurality of the Supreme Court in <u>Harmelin v. Michigan</u>, 501 U.S. 957, 959 (1991), concluded that "the Eighth Amendment does not require strict proportionality between crime and sentence, but rather forbids only extreme sentences that are grossly disproportionate to the crime."  In that case, the Court affirmed a mandatory sentence of life imprisonment without the possibility of parole for possession of more than 650 grams of cocaine, despite the fact that it was the defendant's first offense.  <u>Id</u>. at 996.  Having adopted this principle of "narrow proportionality," the Sixth Circuit has affirmed lengthy prison sentences for drug crimes.  <u>See</u> <u>United States v. Odeneal</u>, 517 F.3d 406 (6th Cir. 2008) (mandatory life sentence for conspiracy to possess with intent to distribute 50 grams of cocaine base not grossly disproportionate); <u>United States v. Jones</u>, 569 F.3d 569 (6th Cir. 2009) (mandatory ten-year sentence for possession with intent to distribute more than 50 grams of cocaine base not grossly disproportionate); <u>United States v. Stone</u>, 218 F.App'x. 425 (6th Cir. 2007) (mandatory life sentence for conspiracy to distribute 50 or more grams of cocaine base not grossly disproportionate).  Moreover, the Sixth Circuit has specifically held that the mandatory minimum 20-year sentence provided in 21 U.S.C. § 841(b)(1)(A) based upon a prior felony drug conviction does not constitute cruel and unusual punishment.  <u>United States v. Dunson</u>, 940 F.2d 989, 995 (6th Cir. 1991), abrogated on other grounds by <u>United States v. Ferguson</u>, 8 F.3d 385 (6th Cir. 1993).

Accordingly, Petitioner's claim for relief based upon the Eight Amendment prohibition against cruel and unusual punishment is without merit.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is hereby **DISMISSED**. (Dkt. # 70).

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed.R.App.P. 22(b).

**IT IS SO ORDERED.**

**/s/ Peter C. Economus – May 26, 2010**
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**